FELIPA R. RICHLAND, SBN 112458
**RICHLAND & ASSOCIATES**
2625 TOWNSGATE ROAD, SUITE 330
WESTLAKE VILLAGE, CALIFORNIA 91361
TEL: (805) 267-1178 │ FAX: (805) 267-1101
felipa@richlandlaw.net

Attorney for Plaintiff, TIMOTHY BURKE, AS TRUSTEE OF THE
NORMAN DALE BURKE REVOCABLE LIVING TRUST

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TIMOTHY BURKE, AS TRUSTEE OF THE NORMAN DALE BURKE REVOCABLE LIVING TRUST,**<br><br>Plaintiff,<br><br>vs.<br><br>**RENEW FINANCIAL GROUP, INC.**, a Delaware Corporation; **RENEW FINANCIAL GROUP, LLC**, a California Limited Liability Corporation; **RENEW FINANCIAL I, INC.**, a Delaware Corporation; **RENEW FINANCIAL I, LLC**, a California Limited Liability Corporation; **RENEW FINANCIAL HOLDINGS, INC.**, a Delaware Corporation; **RENEW FINANCIAL HOLDINGS, LLC** a California Limited Liability Corporation; **COUNTY OF LOS ANGELES**, a Public Entity; **A PERFECT VIEW BUILDERS, INC.,** a California Corporation; **THE WIZARD OF CONSTRUCTION, INC.,** a California Corporation; **OZ MIZRAHI**, an Individual *dba The Wizard of Construction* and *dba A Perfect View Builders*; and DOES 1 through 10, Inclusive,<br><br>Defendants. | **CASE NO.: 2:21-cv-2938**<br><br>**COMPLAINT FOR DAMAGES**<br><br>(1) TILA VIOLATION<br>   *(15 USC §§1601, et. seq.)*<br><br>(2) VIOLATION OF CONSUMER LEGAL REMEDIES ACT<br>   *(Civil Code §§ 1750, et. seq.)*<br><br>(3) CANCELLATION OF CONTRACT<br><br>(4) RESCISSION<br><br>(5) FRAUD<br><br>(6) UNFAIR BUSINESS PRACTICES<br>   *(Business & Professions Code §17200)*<br><br>(7) INTENTIONAL MISREPRESENTATION<br><br>(8) ELDER ABUSE<br><br>(9) CANCELLATION OF TAXES<br><br>**DEMAND FOR JURY TRIAL** |

1

**COMPLAINT FOR DAMAGES**

Plaintiff TIMOTHY BURKE, as Trustee of the NORMAN DALE BURKE REVOCABLE LIVING TRUST hereby sues  RENEW FINANCIAL GROUP, Inc. (hereafter "RFG, INC.");RENEW FINANCIAL GROUP, LLC (hereafter "RFG, LLC"); RENEW FINANCIAL I, INC.(hereafter "RF 1, INC"); RENEW FINANCIAL I, LLC (hereafter "RF 1, LLC"); RENEW FINANCIAL HOLDINGS, Inc. (hereafter "RFH, INC"); RENEW FINANCIAL HOLDINGS, LLC (hereafter "RFH, LLC"); COUNTY OF LOS ANGELES, a Public Entity; A PERFECT VIEW BUILDERS, INC., a California Corporation; THE WIZARD OF CONSTRUCTION, INC., a California Corporation; OZ MIZRAHI, an Individual *dba* The Wizard of Construction and *dba* A Perfect View Builders; and DOES 1 through 10, for damages and alleges as follows:

**THE PARTIES**

1.      Plaintiff TIMOTHY BURKE, is the duly authorized and acting Trustee of the NORMAN DALE BURKE REVOCABLE LIVING TRUST (hereafter the "TRUST"), which was organized and existing in the County of Los Angeles, State of California.

2.      The TRUST is successor in interest to real property located at 20432 Hamlin Street, Winnetka, CA 91306 ( hereafter referred to as the "Hamlin property") which was previously owned by deceased Norman Burke (hereafter "BURKE") and which is the subject of this lawsuit. Legal title to said property is in the name of the TRUST and is identified in the county official records as APN# 2136-022-014.

3.      At all times herein mentioned, Defendant RENEW FINANCIAL GROUP, Inc. ("RFG, INC.") was and continues to be a Delaware Corporation, doing business in the City and County of Los Angeles, State of California.

4.      At all times herein mentioned, Defendant RENEW FINANCIAL GROUP, LLC ("RFG, LLC") was and continues to be a California Limited Liability Corporation, by virtue of its foreign corporate status doing business in the City and County of Los Angeles, State of California.

/ / /

5.      At all times herein mentioned, Defendant RENEW FINANCIAL I, INC.("RF-1, INC") was and continues to be a Delaware Corporation, doing business in the City and County of Los Angeles, State of California.

6.      At all times herein mentioned, Defendant RENEW FINANCIAL I, LLC ("RF-1, LLC") was and continues to be a California Limited Liability Corporation by virtue of its foreign corporate status, doing business in the City and County of Los Angeles, State of California.

7.      At all times herein mentioned, Defendant RENEW FINANCIAL HOLDINGS, INC. ("RFH, INC") is a Delaware Corporation, doing business in the City and County of Los Angeles, State of California.

8.      At all times herein mentioned, Defendant RENEW FINANCIAL HOLDINGS, LLC ("RFH, LLC") was and is a California Limited Liability Corporation by virtue of its foreign corporate status, doing business in the City and County of Los Angeles, State of California.

9.      Defendants RFG, INC., RFG, LLC , RF-1, INC., RF-1, LLC., RFH, INC. and RFH, LLC are hereafter referred to collectively as the "RENEW Defs.".

10.      At all times herein mentioned, Defendant COUNTY OF LOS ANGELES (hereafter "COUNTY") is a municipal county in the State of California charged with providing services to its residents, including public social services, property assessment, and tax collection.

11.      At all times herein mentioned, Defendant THE WIZARD OF CONSTRUCTION, INC. (hereafter "WIZARD") was a California Corporation, doing business in the County of Los Angeles, State of California.

12.      At all times herein mentioned, Defendant A PERFECT VIEW BUILDERS, INC. (hereafter "PERFECT") was a California Corporation, doing business in the County of Los Angeles, State of California.

13.      At all times herein mentioned, OZ MIZRAHI (hereafter "MIZRAHI") was an individual *dba* THE WIZARD OF CONSTRUCTION and *dba* A PERFECT VIEW BUILDERS, and

was a licensed contractor with a principal place of business in Los Angeles County, State of California, and contracted with NORMAN BURKE in the County of Los Angeles, with performance of said contract to be performed in the County of Los Angeles.

14.     The true names and capacities of Defendants DOES 1 through 10 are unknown to Plaintiff, and Plaintiff will seek leave of court to amend this complaint to allege such names and capacities as soon as they are ascertained. Each of the Defendants herein was the agent, joint venturer, or employee of each of the remaining Defendants, and in doing the things hereinafter alleged, each was acting in the course and scope of said agency, employment or joint venture with advance knowledge of, acquiescence in or subsequent ratification of the acts of each and every other remaining defendant. Each of DOE Defendants 1 through 10 is responsible, legally, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to Plaintiff as hereinafter alleged, either through co-defendants' conduct or through the authorized and/or ratified conduct of its agents, servants or employees or in some other manner.

15.     Defendant COUNTY is not sued herein for monetary damages.

## JURISDICTION AND VENUE

16.     Plaintiff brings the complaint under federal diversity jurisdiction, 28 U.S.C. §1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

17.     This court has subject matter jurisdiction under TILA. 15 U.S.C. § 1640(e).

18.     Venue is proper in this Court pursuant to California Code of Civil Procedure section 393 because the causes of action arose in the Central District and pursuant to Civil Local Rule 3-2(c) because the events or omissions giving rise to the claims herein alleged occurred in Los Angeles County, California. Defendants further provide and market their products and services within this district, thereby establishing sufficient contact to subject each of them to personal jurisdiction.

/ / /

**NATURE OF THE ACTION**

19.     This action arises out of the fraudulent business practices engaged in by PACE lenders, management, contractors and their agents. Each of them acted in a manner to defraud BURKE by misrepresenting the financing terms, performing work which was not needed, by performing substandard work, by charging for goods and services not performed or delivered, by intentionally not disclosing material facts concerning the loan terms. PACE contractors identified herein prayed on susceptible elderly consumers by having consumers execute documents which are neither read nor understood by the consumer. Finance agents for lenders coordinate with contractors and request consumers execute documents which are neither legible nor intelligible. BURKE was tricked into signing documents which he did not read or understand. Agents of the PACE program knowingly and intentionally produced documents for his signature which were untrue and which constitute material misrepresentations for financial gain. The fraudulently obtained loan resulted in a recorded lien on the Hamlin property. PACE loan payments are added to the consumer's property tax bill, resulting in significant lump sum payments in one or two payment options. Non-payment results in a loss of property by means of a tax lien sale effectuated by the COUNTY Tax Assessor.

20.     At no time did lender, contractor or their agents make a determination of Norman BURKE's ability to repay the loan.

**FACTS**

21.     At all times mentioned herein, the now deceased BURKE was 87 years of age and suffering from age related cognitive impairment.

22.     At the time of BURKE purportedly executed the home improvement quote, and financing contracts, he was the sole legal owner of his residence identified herein as the Hamlin property - APN: 2136-022-014.

23.     On a date unknown, BURKE was contacted and solicited by Defendants, including but not limited to MIZRAHI and/or persons unknown, who at all times mentioned herein was either a principal, agent, servant and/or employee of defendants MIZRAHI, WIZARD, PERFECT and RENEW Defs.

24.     The financial terms as set forth in home improvement, financing and assessment contracts were neither explained to BURKE nor were they known to him.

25.     At no time during the solicitation, negotiation, or completion of the work was BURKE informed that his home would be subject to a PACE first priority lien, that his property tax bill would increase each year for approximately $1, 000.00 to $8,077.85, nor was he advised he could lose his home to foreclosure for non-payment.

26.     On or after April 19, 2017 RENEW Defs., in collaboration with defendants MIZRAHI, WIZARD and PERFECT induced BURKE, through on trickery, misrepresentations and omissions, to execute financial documents for home improvements which were unnecessary, over-priced, and unaffordable.

27.     At all times herein mentioned, BURKE did not know what he was signing, lacked the ability to read what he was signing, lacked the ability to understand what he was signing, and lacked the ability to understand the financial consequences of what he was signing.

28.     On a date after April 19, 2017, defendants MIZRAHI, WIZARD and PERFECT or their agents caused BURKE to unknowingly and unwittingly write his name and or initials on a document which writing purports to approve home improvements for a cost of $76,205.00. (hereafter referred to as the "WIZARD CONTRACT")

29.     The WIZARD CONTRACT further caused a loan for the improvements to be secured as a tax lien recorded against the property to be repaid through a yearly property tax assessment.

30.     At no time did BURKE submit a credit application or borrower application which would have established his lack of income and financial inability to repay the loan.

31.     On or after April 21, 2017, RENEW Defs acting through their agents and contractor MIZRAHI, WIZARD and/or PERFECT caused BURKE's name to be affixed to an electronic financial contract for repayment of a home improvement loan, which caused a lien to be placed on the Hamlin property and caused a tax assessment to be imposed on plaintiff for repayment of the loan. This financing scheme and contract is marketed and

referred to herein as California First Efficiency Financing (hereafter "CAFIRST").

32.     The CAFIRST agreement is dated April 19, 2017 and is countersigned on April 24, 2017 by the County of Los Angeles, California Internal Services Department. (hereafter "CAFIRST CONTRACT")

33.     At all times herein mention BURKE was retired with limited income and at the time the referenced improvement and financing contracts were purportedly signed by BURKE, he was suffering from cognitive and visual impairment.

34.     At no time did defendants request nor require a credit application from BURKE. At no time did defendants request nor require proof of income from BURKE.

35.     Both an application or proof of income would have established his lack of sufficient income and financial inability to repay the loan.

36.     The CAFIRST CONTRACT resulted in a yearly $8,077.85 tax assessment.

37.     BURKE died on 11/6/17 - a mere 6 months after the effective date of the contacts and assessment.

38.     Plaintiff TRUST first learned of the home improvement fraud and financing scheme on or after April 9, 2018, after a professional inspection of the house was conducted.

39.     The CAFIRST CONTRACT constitutes lending practices that impose unfair and abusive loan terms on a borrower. The PACE lending practices and actions convinced and tricked BURKE to accept unfair terms through deceptive, coercive, exploitative and unscrupulous actions for a loan that BURKE could not afford.

40.     PACE loans first originated in California in 2008 and range from $5,000 to more than $100,000. PACE loans are a complex financing program marketed to residential and commercial owners for energy improvements and retrofits on their homes. PACE loans have a repayment period of 5 to 25 years and are repaid through annual assessments on the property owner's property tax bill.

41.     PACE loans in California are marketed under different names and have different financing/lender programs. The County of Los Angeles has separately approved and authorized PACE lender programs by contract with the COUNTY.

/ / /

42.     The WIZARD CONTRACT was financed as part of the CAFIRST program which is managed and administered by the RENEW Defs on behalf of the COUNTY.

43.     At all times herein mentioned financing for the CAFIRST loans originated with the County of Los Angeles.

44.     RENEW Defs administer, supervise and manage the CAFIRST program pursuant to the authority granted them under a contract dated March 2015 entered into between RENEW Defs and the COUNTY( referred to as the "Administrative Contracts")

45.     With the approval, encouragement and acquiescence of the defendants and each of them, PACE loans are marketed to consumers with deceptive, misleading and incomplete information, and are presented and explained to consumers by construction and remodeling owners/employees or their agents, who lack expertise in consumer finance issues.

46.     RENEW Defs recruit, enroll, train, supervise, manage, maintain and direct pay the approved contractors for the PACE programs. The training specifically was required to include education about the PACE financing program .

47.     At all times herein mentioned, the RENEW Defs failed to screen, train and monitor their network of contractors, including defendants MIZRAHI, WIZARD and PERFECT encouraged predatory lending and aggressive marketing in complete disregard for the homeowner's ability to both understand or repay the loan.

48.     At all times herein mentioned, the RENEW Defs negligently, intentionally and knowingly directed its approved contractors to solicit homeowners with complete disregard for the homeowner's ability to repay the loan.

49.     At all times herein mentioned, both contractors WIZARD and PERFECT were approved RENEW and COUNTY program contractors.

/ / /

/ / /

/ / /

8

**FIRST CLAIM**

**TILA VIOLATION**
15 USC §§1601, et. seq.
(Against All Defendants)

50.     Plaintiff incorporates each of the allegations contained in paragraphs 1 through 49 as though fully set forth herein.

51.     The deceptive acts and practices described above amounted to no actual credit term disclosure issued in conjunction with this consumer credit transaction and violated the requirements of Truth in Lending and Regulation Z in the following and other respects, including but not limited to:

- By failing to provide the required disclosures prior to consummation of the transaction in violation of 15 U.S.C. § 1638(b) and Regulation Z § 1226.17(b).
- By failing to make required disclosures clearly and conspicuously in writing in violation of 15 U.S.C. § 1632(a) and Regulation Z § 226.17(a).
- By failing to properly identify property subject to a security interest in violation of 15 U.S.C. § 1638(a)(9) and Regulation Z § 226.18(m).
- By failing to include in the finance charge certain charges imposed by defendant payable by plaintiff incident to the extension of credit as required by 15 U.S.C. § 1605 and Regulation Z § 226.4, thus improperly disclosing the finance charge in violation of 15 U.S.C. § 1638(a)(3) and Regulation Z §25226.18(d).

52.     Defendants violated and continue to violate the Consumer Credit Protection Act, Title 15 United States Code, Section 1601 et seq., and Regulation Z, Title 12 Code of Federal Regulations, Part 226, which was adopted pursuant to such Act, by failing to properly make the disclosures required by the Act and Regulation Z, as herein after more particularly set forth.

53.     BURKE is specifically in the class of persons the Consumer Credit Protection Act was designed to protect.

9

54.     As a direct, proximate, and foreseeable result of Defendants' failure to provide proper notice and required disclosures to BURKE, Plaintiff TRUST is subject to the loss of residential property and loss of use of property and other damages as a result of Defendants' actions and omissions.

55.     Plaintiff seeks rescission of the purportedly secured transactions pursuant to 1015 U.S.C. § 1635.

## SECOND CLAIM

### VIOLATION OF CONSUMERS LEGAL REMEDIES ACT ("CLRA")
*California Civil Code §1780 (a)*
(Against All Defendants)

56.     Plaintiff incorporates each of the allegations contained in the above paragraphs 1 through 55 as though fully set forth herein.

57.     Pursuant to the Consumers Legal Remedies Act ("CLRA"), California Civil Code §1780 (a), any consumer who suffers any damage as a result of the use or employment of any method, act, or practice declared unlawful by Section 1770 may bring an action for damages against that person.

58.     Pursuant to California Civil Code §1770(a) (23)(A) a home solicitation, as defined in subdivision (h) of Section 1761, of a consumer who is a senior citizen where a loan is made encumbering the primary residence of that consumer for purposes of paying for home improvements and where the transaction is part of a pattern or practice in violation of either subsection (h) or (I) of Section 1639 of Title 15 of the United States Code or paragraphs (1), (2), and (4) of subdivision (a) of Section 226.34 of Title 12 of the Code of Federal Regulations is an unfair or deceptive act or practice which is unlawful.

59.     At all times herein mentioned BURKE was a senior citizen within the meaning of CC §1780(a) (23)(A) and the transaction and services sold by defendants were part of a pattern and practice in violation Title 15 and Title 12 of the United State Code and Code of Federal Regulation.

10

60.     It is unlawful under the CLRA when an unfair or deceptive act or practice is undertaken by any "person" in a "transaction" intended to result, or which actually results, in the sale or lease of goods to any consumer. At all times herein mention the construction and financing contracts intended to sell goods and services which were not needed and were not delivered or provided. The financing for same was also deceptively made part of the transaction without plaintiff's knowledge or approval.

61.     Pursuant to California Civil Code § 1780 (e), Plaintiff is entitled to and does seek recovery or attorney fees and costs incurred in pursuing this action.

62.     Pursuant to California Civil Code § 1780 (a)(4), Plaintiff is entitled to and seeks recovery of punitive damages because the conduct of Defendants was reprehensible, fraudulent, malicious, oppressive, and done with reckless disregard of BURKE's rights.

**THIRD  CLAIM**

**CANCELLATION OF CONTRACTS**

(Against All Defendants)

63.     Plaintiff incorporates herein each of the allegations contained in the above paragraphs 1 through 62 as though fully set forth herein.

CANCELLATION BASED UPON LACK OF MUTUAL CONSENT:

64.     At all times herein mentioned, MIZRAHI, in addition to the principals, employees and agents of WIZARD and PERFECT, were also acting as the agents of RENEW Defs, pursuant to the authority granted to them by COUNTY under the PACE Administration Contract. In their capacity as acting principals or agents, they directed BURKE to sign and/or initial home improvement quotes without explanation as to the nature, meaning, or effect of these documents, such that at no point in time did BURKE understand or know how payment for the improvements was being made.

65.     At no time did BURKE believe or understand that he was personally liable for repayment of over $202,690.00, the sum including $76,205.00 for home improvements costs plus $126,485 for loan fees and interest.

66. At no time did BURKE believe or understand that his home was to be used as security for repayment of the costs of the improvements plus interest. At no time did BURKE know or understand that a tax assessment would be levied for repayment of the cost of improvements.

67. At no time did BURKE believe or understand that his annual property tax payments would increase from approximately $1,000.00 to nearly $8,000.00 annually.

68. At no time did BURKE know or understand that his home could be sold by the COUNTY's tax assessor to satisfy repayment of the loan in the event of default.

69. At all times herein mentioned, BURKE was completely unaware of the existence, contents and terms of the PACE/CAFIRST Financing Documents, as he was unable to read nor understand the contractor documents or quotes nor the financing documents. The terms were not disclosed to him and by omission, were materially misrepresented to him.

70. Even if BURKE was capable of understanding the PACE/CAFIRST financing terms, he never would have signed them, as he had no ability to repay the loan and would never have agreed to lose his home for non-payment/default.

71. As a consequence, there was no meeting of the minds between BURKE and the principals, agents of defendants and therefore no contract was ever formed as it relates to any either the WIZARD CONTRACT, or the related PACE/CAFIRST CONTRACT for Financing and Assessment.

72. The purported home improvement and financing contracts are null and void *ab initio* and are not enforceable.

73. The WIZARD CONTRACT and related PACE/CAFIRST financing contact, have caused and will continue to cause serious injury if left outstanding. Accordingly, plaintiff seeks to cancel these instruments pursuant to Civil Code § 3412.

74. At all times herein mentioned, defendants took, secreted, appropriated, obtained and retained the property of BURKE - an elder, for a wrongful use and purpose, with the intent to defraud him, and in bad faith, knowing that he had the right to retain his

ownership interest in his property.

75.    Defendants' conduct as set forth above, constitute financial elder abuse as defined by Welfare and Institutions Code §1561030 entitling the TRUST to an award of attorney's fees pursuant to Welfare and Institutions Code § 15657.5.

CANCELLATION  BASED ON LACK OF CAPACITY:

76.    At all times herein mentioned BURKE was elderly 87 year old who was suffering from cognitive impairment and lacked the ability to understand financial contracts or financing terms.

77.    Having severe lack of mental acuity, the WIZARD  and PACE/CAFIRST financing and Assessment contracts are void *ab initio*.

78.    Lacking the capacity to contract, any resulting agreement or acquiescence to the recording of liens on BURKE's real property are void *ab initio*.

79.    Lacking the capacity to contract, any resulting agreement or acquiescence to the repayment of loans by means of a tax assessment are void *ab initio*.

CANCELLATION PURSUANT TO CIVIL CODE §1689.5 -1689.14:

80.    The WIZARD home improvement quote constitutes "home solicitation contracts" as defined by Civil Code §1689.5, et. seq. and provided "goods" and "services" as defined in Civil Code §1689.5.

81.    At all times relevant, the WIZARD and PERFECT were subject to and governed by the provisions of Civil Code §§ 1689.5 through 1689.14.

82.    Plaintiff is informed and believes and thereupon alleges that BURKE was never given any notice of cancellation pertaining to the WIZARD CONTRACT nor the PACE/CAFIRST financing or Assessment contracts,  in violation of Civil Code§1689.7©.

83.    BURKE was not informed orally of his right to cancel and the requirement that cancellation be in writing.

84.    Pursuant to Civil Code § 1689.7(g) and because of defendants' failure to comply with Civil Code § 1689.7, plaintiff retains the right to cancel the WIZARD and PACE/CAFIRST financing and assessment contracts.

13

NOTICE OF CANCELLATION:

85.     Plaintiff further advises that the service of the Complaint concurrently serves as Notice of Cancellation.

86.     Pursuant to Civil Code § 1689.11, defendants are entitled to no compensation.

87.     Pursuant to Civil Code §1689.10, plaintiff hereby demands that defendants tender any note or other evidence of indebtedness.

## FOURTH CLAIM

### RESCISSION
(Against All Defendants)

88.     Plaintiff incorporates herein each of the allegations contained in the above paragraphs 1 through 87 as though fully set forth herein.

89.     Pursuant to Civil Code § 337.3 and action based upon the rescission of a contract in writing the time begins to run from the date upon which the facts that entitle the aggrieved party to rescind occurred. Where the ground for rescission is fraud or misstate, the time does not begin to run until the discovery the aggrieved party of the facts constituting the fraud or mistake. The time does not begin to run until the representation becomes false.

90.     The federal doctrine of fraudulent concealment operates to toll the statute of limitations where the plaintiff has been injured by fraud remains in ignorance of it without any fault or want of diligence or care on his part.

91.     At all times herein mentioned plaintiff TRUST remained ignorant of the facts supporting fraud and continued to remain ignorant until the TRUST obtained a home inspection report and the WIZARD CONTRACT, a date after April 9, 2018.

92.     BURKE never received a Notice of Right to Cancel. Accordingly, plaintiff has an extended right to cancel the loans in accordance with Civil Code § 226.23(3).

93.     Plaintiff is entitled to and by this action seeks to rescind the PACE/RENEW Financing and Assessment contracts on the foregoing stated reasons and on the below legal grounds, each of which provide an independent ground for relief, namely:

- TILA Violations
- Fraud
- Violation of Consumer Legal Remedies Act
- Unfair Business Practices
- Intentional Misrepresentation
- Elder Abuse
- Equity
- Public policy

94.    TILA, 15 USC §1601, et. seq. extends plaintiff's right to rescind a loan because the borrower received false and incomplete disclosures of the loans terms and his right to rescind. As alleged above, defendants and their agents failed to explain the terms of the loans and the financial consequences of placing a lien of his property and the consequence of default.

95.    Additionally, the lack of diligence and collusion by the defendants to place BURKE in a loan he had no ability to repay and could not afford, would ultimately benefit defendants following default and forced tax sale of his home.

RESCISSION BASED ON PUBLIC POLICY:

96.    Public interest would not be served and would be prejudiced by permitting the alleged contract and security interest to stand, and would only serve to ratify fraudulent and unscrupulous lenders and contractors.

97.    Pursuant to Civil Code § 1689(b)(6), a contract cannot be permitted to stand if the public interest will be prejudiced. As set forth above, the WIZARD home improvement, and CAFIRST/ RENEW Financing and Assessment contracts are the products of deception, fraud, and elder abuse.

98.    BURKE was completely unaware of the existence, contents and terms of the CAFIRST financing documents, as the terms were materially misrepresented to him, and he was denied the opportunity to read them. BURKE never agreed to sign any financing documents, electronically or otherwise, and in fact never signed any documents

electronically, and never authorized anyone to sign any electronic documents on his behalf, including the RENEW financing and assessment documents, the existence of which BURKE was unaware and never received copies. To the extent COUNTY and RENEW used the email addresses to send and receive documents, these documents were not "sent" in compliance with Civil Code § 1633.15(a), and were never received by BURKE.

99.    COUNTY and RENEW Defs failed to verify that the electronic signatures on Financing and Assessment contracts were attributable to BURKE, in violation of the California Uniform Electronic Transactions Act.

100.    COUNTY and RENEW Defs further failed to ensure that the CAFIRST Financing and Assessment contracts were levied with BURKE's free and willing consent, in violation of the PACE authorizing legislation.

101.    Permitting such contracts to stand would prejudice the public interest. Accordingly, plaintiff is entitled to rescission of the home improvement, CAFIRST Financing and Assessment contracts and any and all documents flowing from them, pursuant to California Civil Code § 1689, and is entitled to have property taxes restored to an amount charged without impressment of the contractual assessments.

102.    Plaintiff intends service of the Summons and Complaint in this action to serve as Notice of Rescission on all defendants.

RESCISSION BASED ON ELDER ABUSE:

103.    In taking the actions set forth herein, defendants took, secreted, appropriated, obtained and retained the property of BURKE, an elder, for a wrongful use, with the intent to defraud, and in bad faith, knowing that BURKE had the right to retain his ownership interest in the Hamlin Property, and to have his ownership interest returned to him. The conduct of said defendants, as set forth above, constitutes financial elder abuse as defined by Welfare and Institutions Code § 15610.30. Plaintiff is entitled to an award of attorney's fees pursuant to Welfare and Institutions Code § 15657.5.

104.    Defendants' actions have caused plaintiff to be damaged in an amount not yet ascertained, but exceeding $202,000.00.

# FIFTH CLAIM

## FRAUD

(Against All Defendants)

105.    Plaintiff incorporates each of the allegations contained in the above paragraphs 1 through 104 as though fully set forth herein.

106.    Defendants intentionally, willfully and wantonly engaged in the acts with the purpose of deceiving BURKE and inducing him to place his name or initials on documents which caused him to lose his real and personal property without knowing it.

107.    Defendants and each of them agreed to loan BURKE money knowing he was unable to repay the loan and had no income to justify the ability to repay the loan.

108.    Defendants and each of them never asked BURKE for proof of income nor did they request a credit application.

109.    Plaintiff believes that BURKE was targeted based on recorded property records indicating equity in his property thereby targeting him to strip him of his equity, knowing full well BURKE could not repay the loan under any circumstances other than through a forced tax sale.

110.    Defendants and each of them engaged in the unlawful suppression of facts, circumstances and terms the specific self-serving purpose of financial gain.

111.    Defendants knew or should have known that BURKE had no ability to repay the loan.

112.    Defendants knew or should have known that BURKE lacked the mental ability and acuity to understand or read any of the purported contract terms, or more importantly to detect the deceptive practices and deceitful representations concerning the cost and repayment of the home improvements.

113.    BURKE relied on the defendants' deception, which was the actual and proximate cause of plaintiff's damages.

114.    Plaintiff is entitled to and does hereby seek exemplary damages and punitive damages for defendants' fraudulent conduct in a sum to be determined at trial.

# SIXTH CLAIM

## VIOLATION OF BUSINESS PROFESSIONS CODE §17200
### (Against All Defendants)

115.    Plaintiff incorporates herein each of the allegations contained in the above paragraphs 1 through114 as though fully set forth herein.

116.    Business & Professions Code §§ 17200 et seq., also known as California's Unfair Competition Law, prohibits any "unlawful, unfair or fraudulent business act or practice."

117.    RENEW Defs violated, and continue to violate, section 17203's prohibition against engaging in "unlawful" acts or practices by violating Welfare & Institutions Code § 15657.5, as described above, by devising and implementing a loan program that intentionally did not require the borrower to have the ability to repay the loan, by targeting property owners with equity which would later be stripped by lender following default, and by the other fraudulent activity described herein.

118.    Defendants MIZRAHI, WIZARD and PERFECT, together with principals and agents for WIZARD and PERFECT violated B&P §17203's prohibition against unfair or fraudulent business acts or practices by the following acts, among other things:

- Failing to have policies and procedures in place to prevent the fraud described herein;

- failing to implement and enforce policies and procedures that were in place to prevent the fraudulent activities described herein;

- Failing to screen and supervise its employees and agents, thereby permitting the fraudulent activities described in this complaint to occur;

- Failing to ensure that the work of its employees and agents does not result in injury to the property;

- Failing to prevent overcharging for products and labor; and

- Charging for products, services and labor not provided nor performed.

/ / /

18

119.   RENEW Defs have violated, and continue to violate B&P §17203's prohibition against unfair or fraudulent business acts or practices by the following acts, among other things:

- Failing to screen and monitor its Registered Contractors, permitting the fraudulent activities described in this complaint to occur;

- Failing to either have policies and procedures in place, or failing to implement and enforce policies and procedures that were in place, to verify that an electronic signature is attributable to the property owner;

- Failing to either have policies and procedures in place, or failing to implement and enforce policies and procedures that were in place, to ensure that documents are sent, received, and signed in accordance with the Uniform Electronic Transactions Act;

- Failing to either have policies and procedures in place, or failing to implement and enforce policies and procedures that were in place, to ensure that contractual assessments are only levied with the free and willing consent of the owner of each lot or parcel on which an assessment is levied at the time the assessment is levied; and

- Failing to ensure that the work of its registered contractors is completed in accordance with the terms of the home improvement documents and California FIRST and CHFA Financing and Assessment contracts are completed satisfactorily.

120.   As a result of RENEW Defs' business acts and practices, plaintiff has incurred actual financial losses and injuries, including the contractual assessments and liens recorded against his home that require payment and may cause foreclosure and a damaged home with incomplete work.

/ / /

/ / /

# SEVENTH CLAIM

## RESCISSION AND DAMAGES FOR
## INTENTIONAL MISREPRESENTATION
(Against All Defendants)

121.    Plaintiff incorporates herein each of the allegations contained in the above paragraphs 1 through 120 as though fully set forth herein.

122.    Plaintiff is informed and believes and thereupon alleges that the actions of defendants and each of them, pursuant to the authority granted to RENEW Defs by COUNTY under the Administration Contract, by and through RENEW's agents and employees, MIZRAHI and other agents and employees of WIZARD and PERFECT , as described above, were part of a fraudulent scheme designed to take advantage of BURKE, a vulnerable elderly homeowner subsisting on a limited, fixed income, designed to obtain and strip his home equity for themselves, by means of foreclosure.

123.    As set forth above, sometime in late April 2017, Plaintiff who was then 87 years old, was solicited at his home by either the principals or salespersons acting on behalf of WIZARD, acting as their agents and authorized representatives.

124.    BURKE did not know and did not understand the costs of any of the recommended improvements.

125.    BURKE did not know and did not understand the costs for the solicited improvements would be added to his property taxes.

126.    BURKE did not know and did not understand the true cost of the improvements, that he was taking a loan secured by his property nor that interest and fees would be added to the cost of the loan. BURKE did not understand these terms because he was incapable of understanding them due to cognitive impairment.

127.    Likewise, BURKE was not provided any documentation that was legible as suffered from impaired vision.

/ / /

/ / /

128.    BURKE was directed by unknown persons acting as principals or agents of WIZARD to sign documents, the contents of which are wholly unknown to plaintiff and were never read or explained to him.

129.    Defendants and each of them knew the statements made to coerce, trick or otherwise persuade BURKE to sign or initial documents were false. Misrepresentations were made with the intent to induce BURKE to execute the home improvement, RENEW Finance and Assessment contracts, and construction completion certificates,. At the time these misrepresentations were made to BURKE, he was ignorant of the falsity of them and didn't know he had to pay for the improvements.

130.    BURKE would not have executed the agreements, and completion certificates and if he understood what he was signing.

131.    As a direct and proximate result of the actions of defendant contractors and their authorized agents and whose misrepresentations and actions were authorized and ratified by RENEW Defs, Plaintiff was damaged in that it is contractually obligated to over $200,000.00 in home improvements and related financing and the Hamlin property is now subject to unaffordable property taxes of over $8000.00  annually, which is at risk of default and foreclosure.

132.    Accordingly, plaintiff is entitled to rescission of both the WIZARD and CAFIRST Financing and Assessment contracts, and any and all related documents which have since been recorded against the Hamlin  property.

133.    Pursuant to California Civil Code § 1689, plaintiff is entitled to have the property taxes restored to an amount charged without the fraudulent CAFIRST tax assessment.

134.    The conduct of defendants RENEW and MIZRAHI and their agents, as set forth above, was reckless, malicious, oppressive and fraudulent, and constitutes an intentional scheme to defraud and oppress BURKE with the intention of causing injury to him by depriving him of his home's equity and his legal rights, and was carried on by defendants with a malicious, willful and conscious disregard of the rights of BURKE.

21

135.    The actions of defendants constitute despicable and malicious conduct that subjected BURKE to cruel and unjust hardship and oppression in conscious disregard of his rights. Plaintiff is entitled to punitive damages against defendants in an amount to be proven at trial.

136.    Pursuant to the provisions of Civil Code § 3345, RENEW Defs, MIZRAHI, WIZARD, and PERFECT, are liable for treble damages and penalties because: (a) individually or collectively they knew or should have known that their conduct was directed as to an elder person; (b) their conduct caused an elder person, to suffer, or risk suffering, substantial loss of property essential to their health and welfare; (c) BURKE was a senior citizen more vulnerable than other members of the public to the conduct of defendants because of his age, impaired understanding, impaired health, and (d) BURKE actually suffered substantial economic harm resulting from the conduct of defendants.

137.    As to the defendant COUNTY, Plaintiff does not seek monetary damages, but does seek cancellation of all PACE/CAFIRST financing documents, real property tax liens and all loan and lien real property recordings.

138.    In taking the actions set forth herein, defendants took, secreted, appropriated, obtained and retained the property of BURKE, an elder, for a wrongful use, with the intent to defraud, and in bad faith, knowing that BURKE had the right to retain his ownership interest in his real property, and to have his ownership interest returned to him.

**EIGHTH CLAIM**

**FINANCIAL ELDER ABUSE**
(Against All Defendants)

139.    Plaintiff incorporates herein each of the allegations contained in the above paragraphs 1 through 138 as though fully set forth herein.

140.    At all times herein mentioned, BURKE was an "elder" as defined by California Welf. & Inst. Code § 15610.27.

/ / /

141.   At all times material, defendants knew or should have known of BURKE's advanced age.

142.   As set forth above, BURKE was fraudulently induced by defendants and their employees and/or agents, into placing his initials and/or signature on documents or electronic devices, including but not limited to:

- home improvement quotes, purportedly contractually obligating plaintiff to approximately $ 76,205.00 to WIZARD CONSTRUCTION;
- PACE/RENEW financing documents promulgated by the COUNTY Def under the CAFIRST program and security lien created thereby for the WIZARD construction job;
- CAFIRST Financing and Assessment contracts;
- Any other construction quotes or financing documents related to the above documents or their recording on plaintiff's real property.

143.   Defendants WIZARD and MIZRAHI have been paid in full through the PACE/RENEW financial programs.

144.   Defendants COUNTY and RENEW continue to profit off the transaction through loan, administrative, recording and other fees and interest payments.

145.   Defendants COUNTY and RENEW failed to verify that the electronic signatures on the PACE/RENEW Assessment and Financing documents were properly attributable to BURKE, in violation of the California Uniform Electronic Transactions Act.

146.   Defendants COUNTY and RENEW further failed to ensure that the CAFIRST Assessment contracts were levied with BURKE's free and will and consent, in violation of the PACE authorizing legislation.

147.   The Hamlin property remains encumbered by the CAFIRST lien and assessment contracts which BURKE never agreed to and could not afford.

148.   The unconscionable loans and recordings put plaintiff's property at risk for foreclosure.

/ / /

149.    In taking advantage of BURKE, defendants actions as set forth above, took, secreted, appropriated, obtained and/or retained the personal and real property of BURKE, an elder, for a wrongful use, and/or assisted in taking, secreting, appropriating, obtaining and/or retaining the personal and real property of BURKE, an elder, for a wrongful use and purpose.

150.    Defendants and each of them, knew or should have known that their conduct would result in harm to BURKE.

151.    As a direct, proximate and foreseeable result of the conduct of defendants, as set forth above, plaintiff has suffered and continues to suffers general damages in an amount to be proven at trial.

152.    The conduct of defendants and each of them as set forth above, was reckless, malicious, oppressive and fraudulent, and constitutes an intentional scheme to defraud an oppress BURKE with the intention of causing injury to him by depriving him of his residence, his home's equity and his legal rights, and was carried on by defendants with a malicious, willful and conscious disregard of his rights.

153.    The actions of defendants and each of them constitute despicable and malicious conduct that subjected BURKE to cruel and unjust hardship and oppression unconscious disregard of his rights.

154.    Plaintiff is entitled to and hereby seeks punitive damages against defendants in an amount to be proven at trial.

155.    Pursuant to Civil Code § 3345, Defendants and each of them are liable for treble damages and penalties because: (a) individually or collectively they knew or shoul have known that their conduct and the conduct of their authorized agents and employee was directed as to an elder person; (b) their conduct caused an elder person, to suffer, or risk suffering, substantial loss of property essential to their health and welfare;© BURKE was a senior citizen more vulnerable than other members of the public to the conduct of defendants because of his age and age related mental infirmities, which impaired his cognition, and (d) he actually suffered substantial economic harm resulting from the

conduct of defendants.

156.   The conduct of defendants, as set forth above, constitutes "financial abuse" of an elder" as defined by Welf. & Inst. Code §15610.30.

157.   Plaintiff is entitled to an award of attorney's fees under Welf. & Inst. Code § 15657.5.

## NINTH CLAIM

## CANCELLATION OF TAXES

(Against All Defendants and County)

158.   Plaintiff incorporates herein each of the allegations contained in the above paragraphs 1 through 157  as though fully set forth herein.

159.   Subdivision (a) of the Revenue & Tax Code provides that -[a]ll or portion of any tax, penalty, or costs, heretofore or hereafter levied, shall, on satisfactory proof, be cancelled by the auditor if it was levied or charged . . . illegally."

160.   R&T Code §4986.2 provides that uncollected taxes, penalties, and costs also may be cancelled in this manner.

161.   As more fully described above, the CAFIRST Financing and Assessment contracts and the RF and RF-1 Financing Documents are the products of forgery, fraud, and elder abuse.

162.   Further, these documents violate the California Uniform Electronic Transactions Act and the requirement of the PACE authorizing legislation meant to ensure that the assessments only be levied with the property owner's free and willing consent.

163.   Therefore the tax assessment against plaintiff's Hamlin Property for repayment of the CAFIRST loans, must be cancelled together with any associated, interest, penalties and/or costs.

## PRAYER

1.   Award actual damages to be established at trial.

2.   Award statutory damages and attorney fees.

3.      Award exemplary and punitive damages.

4.      Award plaintiff costs and reasonable attorneys fees in accordance
        with 15 U.S.C.§ 1640.

5.      Cancellation of the WIZARD Construction Contract

6.      Cancellation of the COUNTY/CAFIRST Financing Contract.

7.      Cancellation of the CAFIRST Assessment Lien.

8.      Any other relief as the court may deem just and proper.


**DEMAND FOR JURY TRIAL**

Plaintiff TRUST hereby demands trial by jury.


DATED: April 1, 2021                  RICHLAND & ASSOCIATES


_____

FELIPA R. RICHLAND, Attorney for Plaintiff
TIMOTHY BURKE, AS TRUSTEE OF THE NORMAN
DALE BURKE REVOCABLE LIVING TRUST